Lawrence B. Slater, Esq. (SB#006974)
Lawrence B. Slater, PLLC
16444 East Pecos Road
Gilbert, Arizona 85295
Telephone: (480) 835-6000
Facsimile: (480) 281-9952
lawrence@slater.net
Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CLARA QUARTERMAN,<br><br>    Debtors | CHAPTER 7 CASE<br><br>NO. 2-11-BK-07867 |
| RONALD J. QUARTERMAN,<br><br>    Plaintiff,<br>vs.<br><br>CLARA QUARTERMAN, and BRIAN MULLEN, TRUSTEE,<br><br>    Defendant. | 2-11-AP-01154-SSC<br><br>ANSWER TO COMPLAINT<br>and<br>COUNTERCLAIM |
| CLARA QUATERMAN,<br><br>    Counter-Plaintiff,<br>vs.<br><br>RONALD J. QUARTERMAN,<br><br>    Counter-Defendant. | |

    Debtor, Clara Quarterman, through her counsel undersigned, admits, denies and alleges as follows:

1

## ANSWER TO COMPLAINT

1. Admits the allegations set forth in Paragraphs 1, 2, 3, 4 and 5 of the Complaint.

2. Lacks sufficient information to admit the allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

3. Lacks sufficient information to admit the allegations set forth in Paragraphs 7 and 8 of the Complaint and therefore deny same.

4. Denies the allegations set forth in Paragraph 9 of the Complaint.

5. Denies any allegation not specifically admitted herein.

6. Defendant alleges that on or about on or about December 12, 2006, Plaintiff filed a civil law suit against Defendant, in Maricopa County Superior Court, cause number CV 2006-053407 for the exact claims he is raising in his Complaint; he sought recovery of tax claims that were incurred during the marriage, and which were awarded in the Divorce Decree.

7. Defendant alleges that an Arbitration Award was entered against her on or about June 28, 2007 for these tax claims.

8. Defendant alleges that the parties in the civil case entered into a Stipulated Order re: Defendant's Debt Payment Agreement on November 4, 2008. Defendant made payments under this Stipulated Order.

9. Defendant alleges that once Plaintiff sued on the marital debt in civil court and Plaintiff obtained a judgment on that same debt, the civil claim superseded the divorce debt, and a civil judgment can be discharged in the bankruptcy.

10. Defendant alleges the following affirmative defenses: Arbitration and award, Estoppel, res judicata,

2

## COUNTERCLAIM

11. Debtor/Defendant/Counterclaimant realleges all matters set forth above as if stated fully herein.

12. Debtor filed this Chapter 7 Bankruptcy case on March 24, 2011, and immediately notified Plaintiff of the filing.

13. Under 11 USC Section 362, the Automatic Stay went into effect, and operated as a stay of Plaintiff's efforts to enforce his judgment against Debtor, including efforts at proceeding with a Debtor Exam in the Superior Court, and obtaining a civil arrest warrant for Debtor's failure to appear.

14. On March 25, 2011, after the filing of the Bankruptcy, and after Plaintiff was informed of the filing of the bankruptcy, a Debtor Exam was held at 1:20 p.m. in Maricopa County case no. CV2006-053407 before Commissioner John Doody.

15. Plaintiff appeared through counsel at the Debtor Exam, and Counsel requested and obtained a civil arrest warrant, which was issued that day, with bond set at $1,000 cash only. The arrest warrant expires one year from the date of issuance, and there is no indication from the court docket that the warrant has been quashed.

16. These actions by Plaintiff and his counsel of following through with the Debtor Exam **after** notice of the filing of the Bankruptcy proceeding, and obtaining a civil arrest warrant, and failing to quash the warrant, constitute willful violations of the stay.

17. Under 11 USC Section k, the Debtor is entitled to recover, for the willful violation of the stay, actual damages, including costs and attorneys fees, and, if appropriate, punitive damages. Debtor seeks to recover all damages, including punitive damages, after showing appropriate proof at trial of the violation of the stay and the malice and evil intent of Plaintiff.

WHEREFORE, Defendant having fully responded to Plaintiff's Complaint, and having stated grounds for relief under a Counterclaim, respectfully requests the follow relief:

1. That Plaintiff's Complaint be denied and that Defendant take nothing thereby;

2. That Defendant be awarded her damages, including costs and attorney fees, as well as punitive damages.

3. Debtor is entitled to additional attorney fees and sanctions under Rule 9011, as Plaintiff filed this Complaint, alleging a violation of terms of the divorce decree, and failing to mention the subsequent civil lawsuit and judgment and debtor exam, and failing to disclose that his claim now exists as a civil judgment, and can be discharged in this case.

4. Such other and further relief as the Court deems just and proper.

DATED THIS 26th day of July, 2011.

**LAWRENCE B. SLATER, PLLC**

/S/LAWRENCE B. SLATER
LAWRENCE B. SLATER
Attorney for Debtors

Original of the foregoing
efiled this 26th day of July,
2011:

Clerk of Bankruptcy Court

Copy of the foregoing mailed:

James F. Kahn
301 E. Bethany Home Rd., C-195
Phoenix, AZ  85012-1266
Attorney for Plaintiff

/s/SANDRA G. SLATER

4

/S/ SANDY SLATER