IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re CLARA QUARTERMAN,<br><br>Debtor. | Chapter 7<br>Case No. 11-07867-SSC<br>Adv. No. 11-ap-01154<br>(Not for Publication- Electronic Docketing ONLY) |
| RONALD QUARTERMAN,<br>       Plaintiff,<br>v.<br>CLARA QUARTERMAN,<br>       Defendant. | MEMORANDUM DECISION |

## I. INTRODUCTION

Plaintiff filed its Complaint to Determine Dischargeability of Debt against Debtor on June 27, 2011. In the Complaint, Plaintiff sought to have the debt owed to him by the Defendant held non-dischargeable pursuant to § 523(a)(15) as a debt incurred in the course of a divorce decree. The Debtor filed an Answer on July 26, 2011 and a Motion for Summary Judgment on April 3, 2012. The Plaintiff filed its Response and Cross Motion for Summary Judgment on April 17, 2012. The Debtor filed a Reply on May 1, 2012. A Reply was also filed by the Plaintiff on May 8, 2012.

1

After conducting a hearing on the matter on September 19, 2012, the Court deemed the matter under advisement. In this Memorandum Decision, the Court has set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2012).

## II. FACTUAL BACKGROUND

The parties stipulated to the following facts:

1. Plaintiff and Defendant were divorced by a Decree of Dissolution of Marriage on January 23, 2006, in the Superior Court of the State of Arizona, County of Maricopa.

2. Said Decree stated: "Any debts or obligations incurred by either party before the date of separation, that are not identified in the list above or attached, shall be paid by the party who incurred the debt or obligation and that party shall indemnify and hold the other party harmless from such debts."

3. On December 12, 2006, Plaintiff filed a civil law suit against Defendant, in Maricopa County Superior Court, Cause Number CV 2006-053407.

4. An Arbitration Award was entered in the civil case on or about June 28, 2007, awarding Plaintiff judgment against Defendant in the amount of $10,942.48, plus costs and interest at the rate of 10% per annum beginning January 23, 2006, until paid in full.

5. Defendant was served with an Order to Appear for Debtor's Examination scheduled for March 25, 2011, at 1:30 p.m., for Defendant's failure to make payments on the civil judgment.

6. Defendant filed her bankruptcy proceeding on March 24, 2011.

7. The bankruptcy stay went into effect on March 24, 2011.

8. Defendant alleges that Plaintiff's counsel, David Goldfarb, appeared at the

2

1 Debtor's Examination on March 25, 2011, and requested that an arrest warrant be issued against
2 Defendant for Defendant's failure to appear at the Debtor Exam. The civil arrest warrant against
3 Defendant was issued promptly thereafter.

4     9. Plaintiff filed his Complaint in these proceedings on June 28, 2011.

5     10. Plaintiff had the arrest warrant withdrawn on September 1, 2011.

6     Plaintiff's civil lawsuit was based on a debt that arose from the parties' January
7 23, 2006 Divorce Decree. Debtor and Plaintiff do not dispute this fact. In fact, Debtor implicitly
8 recognizes that the state court judgment was based on the divorce decree by arguing that the two
9 have merged.

10

11                                   III. DISCUSSION

12     The issues to be determined are whether the divorce decree has merged into the
13 Arbitration Award judgment, and, if so, whether the judgment is within the parameters of the
14 exception to discharge under § 523(a)(15).

15     11 U.S.C. § 523 (a)(15) provides an exception to discharge for a debt "to a
16 spouse, former spouse, or child of the debtor . . . that is incurred by the debtor in the course of a
17 divorce or separation or in connection with a separation agreement, divorce decree or other order
18 of a court of record." Debtor contends the divorce debt does not exist any more; it was merged
19 into the civil judgment; and there is no exception to discharge that applies to the civil judgment.
20 Conversely, Plaintiff argues that even if the doctrine of merger applies, the civil judgment retains
21 the special rights attached to the underlying debt.

22     Both the Debtor and Plaintiff rely on the same Arizona Supreme Court case for
23 their positions. In the decision of <u>Nelson v. Nelson</u>, 91 Ariz. 215 (1962), the Court considered
24 whether a judgment obtained by a former wife against her former husband who failed to pay
25 household bills and joint obligations existing at the date of divorce decree was a judgment for
26 alimony. The Supreme Court stated that "[t]he rule is . . . well settled that when a plaintiff's

27

28                                                     3

claim is reduced to judgment, the original claim is merged in the judgment, and the judgment becomes a new debt." Id. at 218. Debtor relies on this part for its position that the original divorce decree debt has been extinguished by Plaintiff's obtaining a civil judgment so that there is no debt arising from a divorce decree to except from discharge. Plaintiff relies on the language from the Court, which continued as follows:

> "Nevertheless, the doctrine of merger will not be carried to an extreme, and when the ends of justice require, the courts have limited the doctrine. Thus, the original nature of the obligation which has been reduced to judgment remains, and incidents of this nature which provide special rights or exemptions will be preserved or recognized." Id.

The Supreme Court noted, however, that this issue was debatable, reversing and remanding the matter back to the trial court because the husband had failed to file an answering brief. Thus, the Supreme Court's remarks must be treated as dicta.

Debtor also relies on the Restatement (Second) of Judgments. Section 18 states: "[W]hen a valid and final personal judgment is rendered in favor of the plaintiff, the plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment." Debtor omits comment g to this section, which states:

> "[W]hen by reason of the plaintiff's obtaining judgment upon a claim the original claim is extinguished and rights arise upon the judgment, advantages [arise] to which the plaintiff was [sic] entitled with respect to the original claim."

The Ninth Circuit has analyzed this section of the Restatement (Second) of Judgments, and it held that "the doctrine of merger does not extinguish 'advantages to which the plaintiff was entitled with respect to the original claim..." In re Del Mission Ltd., 98 F.3d 1147 (1996)(citing the Restatement (Second) of Judgments § 18, comment g in holding that the doctrine did not prevent a creditor from being held liable for continuing violations of the stay when it had already been found liable for past violations).

Bankruptcy courts have extended this principle in the non-dischargeability context. In the decision of In re Goglio, 393 B.R. 56 (Bankr. E.D. N.Y. 2008), the former wife

4

was awarded 50% of the marital residence pursuant to a Divorce Judgment. Id. at 58. Years later, upon the recommendation of a court-appointed "referee," a state court entered a judgment against the former husband for child support arrears and a distributive award relating to the husband's failure to transfer the 50% interest to the former wife. Id. at 59-60. The former husband later filed bankruptcy and did not dispute that the child support arrearages were non-dischargeable under § 523(a)(5), but contended that the remainder of the award was dischargeable. Id. at 60. The court found that the state court judgment was "clearly awarded by the state court in connection with a divorce decree and to enforce prior orders of the state court concerning Plaintiff's rights and remedies under the Divorce Judgment" and thus non-dischargeable under § 523(a)(15). Id. at 62. The court specifically rejected the debtor's attempt to recharacterize the nature of the obligations. Id. Excepting the debt from discharge was consistent with the legislative purpose of 11 U.S.C. § 523, Subsections (a)(5) and (a)(15). Id. at 63.

    Case law regarding non-dischargeability of debt under § 523(a)(5) is also instructive. Section 523(a)(5) excepts from discharge any debt for a "domestic support obligation." In the decision of In re Alexander, 92 B.R. 667 (Bankr. N.D. Tex. 1988), the debtor made a similar argument as the debtor in this case. The former husband debtor was required to make periodic alimony payments to his former wife. Id. at 668-69. The former wife later filed suit against the former husband to enforce this provision of the divorce decree and obtained a state court judgment in the amount of $10,000. Id. at 668. The former husband then filed for bankruptcy, and he argued that once the debt was reduced to final judgment it lost its character as alimony and became discharageable in bankruptcy. Id. The court held that "[m]erger into a subsequent judgment does not cause a judgment for alimony to lose its nondischargeable character." Id. at 669. It also noted that the "law of the State in which the bankruptcy court sits is not controlling on the question of wheteher a debt qualifies as nondischarageable alimony, maintenance, or support." Id. The Fifth Circuit in the decision of Matter of Swate, 99 F.3d 1282

5

(5th Cir. 1996), cited with approval the holding of In re Alexander, in which the Circuit noted that "the dischargeability of a debt is determined by the 'substance' of the liability rather than its form. The nature of a claim underlying the debt determines its dischargeability." Swate, at 1288.

The facts in this case are substantially similar to the above-cited bankruptcy cases. Parties do not dispute that Debtor's obligation to Plaintiff arose under their divorce decree. Neither do they dispute that the subsequent state court judgment was a result of Debtor's failure to pay the divorce decree obligation. Debtor makes the legal argument that the divorce decree judgment has merged into the state court civil judgment, losing its characteristic that would make it non-dischargeable pursuant to § 523(a)(15). This Court disagrees.

First, the Court must consider the broad language used in § 523(a)(15). This Section excepts certain debts from discharge "incurred by the debtor in the course of a divorce or separation *or in connection with* a separation agreement, divorce decree *or other order of a court of record.*" (Emphasis added). The Section is not limited to simply divorce decree judgments alone but excepts any debt incurred by the debtor in the course of divorce or any debt in connection with a divorce decree. A state court judgment to enforce a debt arising from a divorce decree is surely a debt "in connection with" a divorce decree. Such a reading would also be consistent with the legislative purpose of § 523(a)(15).

Second, the Court finds that Debtor's argument based on the doctrine of merger must fail. As stated by the Ninth Circuit in the decision of In re Del Mission, 98 F.3d 1147 (9th Cir 1996), "the doctrine of merger does not extinguish 'advantages to which the plaintiff was entitled with respect to the original claim...'" The nature of the debt in Del Mission – the fact that it arose from a divorce decree–rendered it non-dischargeable, a significant advantage to a bankruptcy creditor, particularly a Chapter 7 creditor. As described above, other bankruptcy courts have construed state court judgments enforcing divorce decrees debt as non-dischargeable under § 523, Subsections (a)(5) and (a)(15).

Third, even assuming that the divorce decree debt has, in fact, merged with the

6

subsequent state court judgment on that debt, the state court judgment retains the character of the underlying debt. The substance of the debt owed by Debtor to Plaintiff is that it was incurred during the course of a divorce and rendered in a divorce decree. Therefore, for purposes of § 523(a)(15), Plaintiff's state court judgment has retained its character as a debt in connection with a divorce decree and is non-dischargeable.

### IV. CONCLUSION

Based upon the foregoing, the Court concludes that the Debtor's Motion for Summary Judgment shall be denied. The Plaintiff's Cross Motion for Summary Judgment shall be granted. Since the Court already has a 7016 conference set on November 13, 2012 at 10:00 a.m. on the damage issue re: willful violation of the automatic stay, the Court will also consider whether judgment should be entered for Plaintiff at said hearing.

DATED this 17$^h$ day of October, 2012.

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge